UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON P. THURSTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. YOUNGER,<br><br>　　　　Defendant. | Case No. 2:18-cv-00527-TLN-CKD (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM ORDER REQUIRING PERSONAL ATTENDANCE AT SETTLEMENT CONFERENCE<br><br>(ECF No. 67) |

A settlement conference is set for July 12, 2022, at 10:30 a.m., before the undersigned. (ECF No. 66). The order setting the conference requires the appearance of the individual parties (via Zoom). (Id. at 1).

On February 22, 2022, Defendant filed a motion for relief from order requiring personal attendance at settlement conference. (ECF No. 67). "Good cause exists to excuse the Defendant from personally attending this conference because he will not have any settlement authority, a representative from the California Department of Corrections and Rehabilitation (CDCR) will be available at the conference, and because the Defendant's statement of what occurred in connection with this action is already before the Court." (Id. at 1). Moreover, "requiring Younger to attend will cause CDCR to relieve him from his usual duties during the conference while continuing to compensate him, and to hire a replacement while he is absent, resulting in additional expense to CDCR." (Id. at 3). Accordingly, Defendant argues that he should be excused from attending the settlement conference. (Id. at 5).

1

On February 22, 2022, Plaintiff filed his opposition. (ECF No. 68). "First, this case involves two very different versions of events regarding an inmate-on-inmate assault." (Id. at 1). "As a result, questions posed by Judge Grosjean of both Younger and Thurston at the settlement conference may be instrumental in allowing Judge Grosjean to determine how to proceed with the settlement conference." (Id.). "Second, the 42 U.S.C. § 1983 claim against Younger is an individual liability claim. There is no *Monell* claim in this case. As a result, Younger is technically personally responsible for the damages. Further, to the extent the CDCR is agreeing to cover any damages awarded on a gratuitous vicarious liability concession, the same would not hold true for any punitive damages award. As a result, Younger should be involved and personally participate in this lawsuit where he is the only named defendant." (Id. at 2). "Third, the settlement conference will be conducted by Zoom. Younger can appear through a computer or his own cell phone at his place of employment. This is not a settlement conference that will require Younger to be absent from work for an extended period. There will be no need for him to travel to and from the settlement conference." (Id.). "Fourth, good cause does not exist to excuse Younger from participating in the settlement conference. Judge Grosjean's time spent in conducting the settlement conference is no less valuable than Younger's time. He she [sic] be ordered to attend accordingly." (Id.).

The Court has the authority to require an individual defendant's attendance at a settlement conference. Fed. R. Civ. P. 16(c)(1) ("If appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement."). However, here, the Court finds that participation from Defendant is not necessary for an effective settlement conference at this time.

Accordingly, IT IS ORDERED that Defendant is excused from the requirement that he attend the settlement conference.

\\\
\\\
\\\
\\\

However, if the case does not settle at the July 12, 2022 conference, the Court may order a further settlement conference and require Defendant to attend.

IT IS SO ORDERED.

Dated: **March 1, 2022**  /s/ Edmund P. Grosjean
UNITED STATES MAGISTRATE JUDGE

3